STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Murphy Conditional Use Application } | Docket No. 217-10-05 Vtec |
| (Appeal of Murphy) } | |
| | } | |

### Decision and Order on Motion to Dismiss

Appellants Matt and Desiree Murphy appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Bakersfield, rejecting their application for conditional use approval of a motor vehicle repair home business. Appellants are represented by Paul S. Gillies, Esq.; the Town of Bakersfield is represented by Michael S. Gawne, Esq. The Town has moved to dismiss the appeal on the basis that the application that is the subject of the appeal is an impermissible successive application.

In 2004 Appellant Matt Murphy applied for conditional use approval to operate a motor vehicle service facility from his residential property as a conditional use. His cover letter for it reflects that when he had applied in 2002 for a zoning permit to build the 32' x 58' garage to be used as a part-time home business, the zoning administrator had not required an application for a conditional use permit to be made to the ZBA for the business. The parties have not provided the complete circumstances of the zoning administrator's handling of that earlier application in connection with the present appeal

(although it may relate to the merits of the enforcement case still pending at Franklin Superior Court.)

The Zoning Board of Adjustment (ZBA) denied the 2004 application on the basis that "there is a chance that harmful waste may be discharged into a watercourse," "the character of the area would be adversely affected" and "because the Murphys have been operating for over two years without State required permits." No party appealed; however, the notice of decision informed the Murphys incorrectly that an appeal could be filed in superior court, rather than environmental court.

The Town then filed an enforcement action in Franklin Superior Court (Docket No. S502-04 Fc) for violation of the requirement that "a motor vehicle service business located within the Rural [zoning] District . . . must have conditional use approval"and for storing non-operative vehicles visible from the public roads. By the late spring of 2005, the state permit compliance issues had been resolved and the storage of unregistered vehicles had also been cleaned up[1]. While that enforcement action was pending, and at the suggestion of the judge in the Franklin Superior Court case, Appellants reapplied in October 2004 for conditional use approval of the motor vehicle service use.

Under 24 V.S.A. §4470(a)[2] (2004), the ZBA was entitled to reject a successive

---

[1] As stated by counsel at the telephone conference held with Judge Wright on November 21, 2005.

[2] Formerly §4470(b) but containing the same requirement as to making findings of fact.

appeal without hearing, if the issues "have been decided in an earlier appeal or involve substantially or materially the same facts by or on behalf of that appellant." However, the ZBA was obligated to make findings of fact as to the basis for its rejection of the appeal.

Rather than considering the conditional use approval application on its merits, and apparently without taking evidence on whether any circumstances had changed, and without making the required findings of fact, the ZBA denied what it characterized as Appellants' "second request for second hearing," citing 24 V.S.A. 4470(b) and stating that "the conditions that existed at the first hearing have not changed."

Governmental bodies, even at the local level, are obligated to deal fairly with the citizens who come before them. While the ZBA's rejection of Appellants' application out of hand does not rise to the level of estoppel, see, e.g., In re McDonald's Corp., 146 Vt. 380, 386 (1985); In re Lyon, 2005 VT 63, ¶31, neither did it meet the requirements of 24 V.S.A. §4470(a) or of the obligation of fair dealing. At the very least, the ZBA should have made factual findings as to why no circumstances had changed sufficiently to warrant consideration of Appellants' 2005 application. It appears that Appellants will be able to present evidence that their circumstances had changed at least with respect to the risk of discharge into a wetlands, and compliance with state permitting and reporting requirements. Moreover, it was not fair dealing for the Town to bring an enforcement action in 2004 to require Appellants to obtain a conditional use permit for their business, and then to reject out of hand their subsequent application for the required permit.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town's Motion to Dismiss is DENIED. It will be for the hearing on the merits of the present case for the Court to determine whether Appellants do or do not qualify for the conditional use approval that they seek. We will proceed to schedule a hearing on the merits of that application for some time in March or April of 2006. However, if the ZBA wishes to request a remand for it to reconsider its rejection of the application, and to either

make the factual findings required by §4470(a) or to consider the application on its merits, it may do so under V.R.E.C.P. 5(i). Also, as discussed at the conference, if the parties wish to transfer the enforcement case to this Court to be heard together with this application, they should file the necessary request with Franklin Superior Court as soon as possible. We will schedule a telephone conference for mid-January (see enclosed notice) to determine the next appropriate steps in this or in the consolidated cases.

        Done at Berlin, Vermont, this 22nd day of December, 2005.


        _____

                        Merideth Wright
                        Environmental Judge